IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT LOUISIANA

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   MAR - 3 2008

LORETTA G. WHYTE
Clerk  WP

Jeffrey Anderson
Petitioner-Defendant   )
                       )
                       )
                       )
                       )           Case No: __00-259 R(2)__
                       )
     v.                )
                       )
                       )
United States          )
     Respondents.      )
                       )
_____  )

MOTION FOR PETITIONER FOR MODIFICATION OR
REDUCTION OF SENTENCE BASED UPON AN
INTERVENING POST-SENTENCING CHANGE IN THE UNITED STATES
SENTENCING GUIDELINES PERTAINING TO
COCAINE BASE CRACK OFFENSES U.S.S.G. §2D1.1 THAT
WAS AMENDED AND MADE RETROACTIVE EFFECTIVE MARCH 3, 08
COCAINE BASE CRACK OFFENSES AMENDMENT (9) AND THE COROLLARY
CRIMINAL HISTORY CATEGORY AMENDMENT (12) WHICH WILL EFFECT-
IVELY LOWER PETITIONER'S TERM OF IMPRISONMENT

Comes now the Petitioner __Jeffrey Anderson__, named in the above cited Captioned Cause humbly and respectfully now Pro se Submits this petition requesting from this most Honorable Court an order modifying and thus reducing petitioner's sentence of __128-months__ imprisonment, pursuant to this Honorable Court's jurisdictional authority contained in 18 U.S.C. § 3582 (c)(2).

STATEMENT OF THE CASE

Petitioner- Defendant was sentence by this most Honorable Court, on or about __11, 2001__, for a violation of the Federal drug statute, Title 21 U.S.C. that involved cocaine ...

base often called "CRACK" and sentence by this court to a term of imprisonment __128-__ months, at a base offense level of __29__, with a criminal history category of __III__, followed by a term of Supervised release of __5__ years. Petitioner-Defendant is presently incarcerated and serving the sentence at Federal Correctional Institution at F.C.I. Big Spring 1900, Simler Avenue Big Spring Texas 79720.

Petitioner does not present any statement of the facts because it would be improper or unavailing because petitioners instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See e.g. United States v. Fair, 326 F 3d. 1317 (11th Cir. 2003).

Followed by the overwhelming sister circuits. Therefore Petitioner does not seek to introduce new evidence ot to argue or litigate the facts of the case. To the contrary, Petitioner's instant motion pursuant to 18 U.S.C. §3582(c)(2) seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines. However, the current advisory Guidelines do apply.

## AMENDMENTS TO THE GUIDELINES

On May 1, 2007, the United States Sentencing Commission sent to the United States Congress proposed changes in the guidelines which include inter alia, amendment 9, to improve "Crack Cocaine" sentences which would be a clear notwithstanding modest step, toward reducing the harsh and unjustifiable disparaties between "Powder Cocaine and Crack".

2

The crack amendment to the sentencing guidelines (amendment-9) will effectively reduce Petitioner's sentence by two 2, offense levels from his present level which is level __29__ to a level (27). The commission said that the reason for the amendment was that the commission identified as a policy priority for amendment cycle ending May 1, 2007 continuation of its work with congrssional, excecutive and judicial branches of the government and other interested parties on cocaine sentencing policy, " including reevaluating the commission's 2002 report to congress, "cocaine and federal sentencing policy. As a result of the anti-drug abuse Act of 1986, Pub. L.99-570, 21 U.S.C., §841(b)(1) requires a five-year mandatory minimum penalty for a first-time trafficking offense involving 50-grams or more of crack cocaine, or 5,000-grams or more of Powder cocaine. Because 100 times more powder cocaine than crack cocaine is required to trigger the same mandatory minimum penalty, this penalty struture is commonly refered to as the "100 to-1 drug quantity ration.

Clearly the sentencing Commission recognized the policy priorty which should be accorded the disparities surrounding cocaine sentencing. Petitioner respectfully request that this most Honorable Court so too will do the same or similar priority statuts in ruling upon Petitioner's instant motion for a reduction in sentence.

The criminal history category "amendment (12)" to the sentencing guidelines addresses two critical areas of chapter four criminal history rules. The counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. It is requested that this Court grant petitioner such other and further reduction of his sentence resulting from the criminal history categgory amend. (12).

>BASED UPON THE SUPREME COURT'S BOOKER
>DECISION ABOLISHING THE MANDATORY SEN-
>TENCING GUIDELINES IN ALL CONTEXTS
>§3582(c) MOTION FOR SENTENCE REDUCTION
>THUS...

3

### EMPOWERING THIS COURT TO CONSIDER THE §3553(a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND RESENTENCE PETITIONER-DEFENDANT ACCORDINGLY.

This court in resentencing Petitioner pursuant to this instant 18 U.S.C. §3582 (c)(2) to account for a post-sentencing guidelines amendment that reduces the applicable range of punishment, must apply the guidelines as advisory, even though the mandatory guidelines were in effect at the time of the petitioner's original sentencing in this court.

The United States court of Appeals for the Ninth Circuit held that where, as here a defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582 (c)(2), which permits a district court to resentence a defendant whose sentencing range has been lowered by the sentencing commission pursuant to 18 U.S.C. §994 (o), the guidelines must be applied in an advisory manner. See United States v. Hicks, 472 F 3d. 1167, (9th Cir. 2007).

According to the Ninth Circuit's analysis a mandatory system is no longer an open choice, as a result of the Supreme Court's decision in United States v. Booker, 543 U.S. at 263. Clearly, this Court in resentencing Petitioner has the discretion, pursuant to the now advisory guidelines to consider the factors set forth in §3553 (a), and calculate a new guideline range, and issue a new sentence, accordingly.

The Seventh Circuit held that "When sentencing a defendant a district court "must" consider all sentencing factors enumerated in 18 U.S.C. §3553 (a). See United States v. Harris, no: 05-4259, 2007 WL 1713286 at 3 (7th Cir. June 15, 2007)...

Citing <u>United States v. Dean</u>, 414 F 3d. 725, 728 (7th Cir. 2005). Those factors include:

   (1) The nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) The need for the sentence imposed

   (A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   (B) To afford adequate deterrence to criminal conduct;

   (C) To Protect the public from further crimes of the defendant; and

   (D) To provide the defendnat with needed education or vocational training, medical care or other correctional treatment in the most effective manner;

   (3) The kinds of sentences available;

   (4) The advisory guideline range;

   (5) Any pertinent policy statements issued by the sentencing commission

   (6) The need to avoid unwarranted sentence disparities; and

   (7) The need to provide restitution to any victims of the offense 18 U.S.C. §3553(a) the ultimate command of the statute is after considering these factors to impose a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in subsection (a) id this is the so called "parsimony provision" which requires...

district courts to impose the minimum punishment needed to satisfy the purposes of sentencing just punishment deterence protection of the public and rehabilitation of the defendant. See e.g. <u>United States v. Gall,</u> 446 F Supp. 2d. 961, 963 (E.D. Wis. 2006).

## CRACK COCAINE GUIDELINES ADVISORY ONLY:

"The Supreme Court held in <u>Kimbrough v. U.S.</u> that under Booker the "Crack Guidelines" like all other guidelines are advisory only. A district judge therefore may consider the ("Crack") powder disparity when sentencing crack cocaine offenders and impose a below guidelines sentence if a within guideline sentence is "greater" than necessary to serve the objectives of sentencing set forth at 18 U.S.C. §3553 (a).

The court rejected the government's arguments that congressional policy prohibits sentencing courts from disagreeing with the (100:1) ratio. The court did not find support for this argument in Congress silence on this point, and noted that <u>Neal v. U.S.</u> was consistent with the view that congrssional statutes do not necessarily foreclose a different guideline approach.

The court also noted that congress recently "acquieseed" in the 2007 guidelines which reduced the crack/powder disparity. See <u>Kimbrough v. U.S.</u>,No: 06-6330 (Dec. 10 2007). However for all practical purposes the guidelines were binding. But two years ago the Supreme Court ruled that the guidelines could only be advisory, otherwise they would be <u>"unconstitutional"</u>.

Since then however federal prosecutors, backed by the appellate courts, have continued efforts to limit trial judges discretion. Telling them that any significant deviation from the guidelines was not acceptable. In a 7 to 2, vote the Supreme Court basically put an end to that practice telling the lower courts that advisory means "exactly what it says: **that judges should consider the guidelins, but not be bound by them.**"

Justice Ruth Bader Ginsburg emphasized that the guidelines are purely advisory. She said that a sentencing Judge must consider the guidelines but he is not bound by them. In a second case the court upheld a sentence of probation only for an Iowa man named "Brian Gall" who had been part of a drug ecstasy ring while in colledge. "Gall" had been addicted to drugs himself and after buying and selling ecstasy for seven months, he had some sort of a wake-up call.

He quit and told the dealers he'd been doing business with that he wanted nothing more to do with them. Gall went on to graduate from college and start a successful business five years after Gall quit the ring the drug dealers were caught and implicated him to win favor with prosecutors.

Contacted by federal agents, Gall admitted his one-time involvement and after he was indicted, pleaded guilty. The district court Judge rejected the three-year sentence called for by the sentencing guidelines and instead sentence Gall to three-years probation. The U.S. sentencing commission has recently changed it's own crack and...

powder cocaine guidelines in effort to reduce the disparity between penalties for the two drugs.

## CONCLUSION

**Wherefore,** these reasons the petitioner respectfully re-request this most Honorable Court to apply the advisory Sentencing Guidelines to the instant re-sentencing 18 U.S.C. §3582(c)(2) proceedings notwithstanding that the old mandatory sentencing guidelines were in force and effect at the time of this Court's original sentencing of Petitioner. Thus, applying the post Booker advisory guidelines and considering the factors set forth in §3553(a), Petitioner request this most Honorable Court to apply a newly calculated range and then determine an appropriate sentence for petitioner, accordingly. Petitioner further prays that this Honorable Court will grant unto him such other and further relief as may be deemed just and proper under the circumstances.

Respectfully Submitted,

_____
Date

_____
Jeffrey Anderson#
Federal Correctional Institution
1900 Simler Avenue
Big Spring Texas 79720
Sunset unit

8

## CERTIFICATE OF SERVICE

I hereby Certify and declare that a true and accurate copy of the foregoing motion for modification or reduction of sentence was mailed First Class Mail on this_____day, of_____2008, to the following parties below:

U.S. Attorney
210 B Hale Boggs
Fed. Bldg.
500 Poydras St.
New Orleans  LA 70130

_____
Signature